# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

Martin Metzger, Appellant, v. The Borough of Beaver Falls, James Piper, Burgess, Charles H. Myers, Alva O. Myers, James D. Perrott, Louis Estermyer, Lysle S. Lutton, Titus M. Welsh, Herman F. Dillon, Samuel Creese, Joseph W. Clark, Harry Goldsmith, James S. Louthan and George E. Freed, Town Council, and William W. Kerr, Secretary of said Council.

*Municipalities — Boroughs — Water companies — Waterworks — Acts of April 29, 1874, and May 23, 1874.*

Where a water company has been organized under the act of April 29, 1874, P. L. 73, to supply a borough with water and the borough has entered into a contract with the company, and permitted it to lay its pipes, the borough cannot subsequently erect and maintain waterworks to supply its citizens with water, as provided by the act of May 23, 1874, P. L. 261. If the borough desires to change the method of supplying its citizens with water it has the power, after twenty years, to purchase the works in the mode provided by law.

Argued June 4, 1895. Reargued May 6, 1896. Appeal, No. 119, Oct. T., 1895, by plaintiff, from decree of C. P. Beaver Co., March T., 1895, No. 1, on bill in equity. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Bill in equity to restrain the construction of waterworks by a borough.  Before WICKHAM, P. J.

The bill was filed by a citizen and taxpayer of Beaver Falls to restrain said borough from proceeding to erect waterworks when it was already supplied with water in pursuance of a contract between the borough and the Union Water Company. The court refused the injunction on the ground that the borough was vested with power to contract, own and operate waterworks irrespective of the effect on the Union Water Company. Plaintiff appealed.

Further facts appear by the opinion of the Supreme Court.

*Error assigned* was decree refusing injunction.

*D. T. Watson, C. Heydrick* and *John G. Johnson,* with them *Walter Lyon, Charles H. McKee, John F. Sanderson, John M. Buchanan* and *William A. McConnel,* for appellant.—The borough has no power in this behalf beyond what is delegated to it by the commonwealth.  Its sole power is, in the language of the statute, " to provide a supply of water for the use of the inhabitants."  This has been done.  The inhabitants are supplied by the authority executed by other means.  The duty of the borough has been thus executed.  Its power has been supplanted and suspended.  It has no authority to erect waterworks at the expense of taxpayers while such other means are operative :  Grand Rapids Light & Power Co. v. Light & Fuel Co., 33 Fed. Rep. 659 ;  Barnes v. District of Columbia, 91 U. S. 540 ;  In re Phila. & Trenton R. R., 6 Whart. 25.   Corporate grants must be strictly construed :  Minturn v. Larue, 23 How. 436 ;  Penna. R. R. v. Canal Comm'rs, 21 Pa. 9 ;  Cooley, Const. Lim. 195.   Prima facie, municipal functions must be confined to matters of government :  Holmes v. Shreveport, 31 Fed. Rep. 113 ;  Western Savings Fund Society v. Philadelphia, 31 Pa. 185 ;  Philadelphia v. Fox, 64 Pa. 169 ;  Bank of U. S. v. Bank of Georgia, 9 Wheat. 904 ;  Wimer v. Worth Twp., 104 Pa. 317 ;  Dillon, Mun. Corp. sec. 91, p. 119 ;  Detroit v. Detroit City Ry., 56 Fed. Rep. 867 ;  Wright v. Nagle, 101 U. S. 791 ;  Pittsburg's App., 115 Pa. 4.   The water company derives its right not from the borough but from the state :  Chicago City Ry. v. People, 73 Ill. 541 ;  Com. v. Erie & N. E. R. R., 27 Pa. 339 ;  Bry-

mer v. Butler Water Co., 172 Pa. 489; Com. v. Russell, 172 Pa. 506.

*J. Rankin Martin, R. H. Jackson* and *Edward P. Daugherty*, with them *Louis E. Grim*, for appellees.—Under the laws of Pennsylvania, it has never been denied that municipal corporations have the power to construct, maintain and operate systems of waterworks and so provide a supply of water for the borough and its inhabitants: Wheeler v. Phila., 77 Pa. 338; Lehigh Water Co.'s App., 102 Pa. 515; Howard's App., 162 Pa. 374.

And this construction is in harmony with that of the courts of other states wherein similar statutory provisions exist: Rome v. Cabot, 28 Ga. 50; Livingston v. Pippin, 31 Ala. 542; Hardy v. Waltham, 3 Met. (Mass.) 163.

The borough and the water company stand upon the same footing as two corporations of the same character, granted like powers, to be exercised in the same locality, neither grant being exclusive: Atlantic City Water Works v. Consumers' Water Co., 44 N. J. 437; Luzerne Water Co. v. Toby Creek Water Co., 148 Pa. 568; New Orleans Gas Co. v. Louisiana Light Co., 115 U. S. 650; New Orleans Water Works Co. v. Rivers, 115 U. S. 674; Louisville Gas Co. v. Citizens Gas Co., 115 U. S. 683; Brenham Water Co. v. Brenham, 67 Texas, 542; Charles River Bridge v. Warren Bridge, 11 Peters (U. S.), 420; Syracuse Water Co. v. Syracuse, 116 N. Y. 167; Thompson Houston Electric Co. v. Newton City, 42 Fed. Rep. 723; Lehigh Water Co. v. Easton, 121 U. S. 388; Reid v. Smoulter, 128 Pa. 324; Grand Rapids E. L. & P. Co. v. Grand Rapids E. E. L. & F. G. Co., 33 Fed. Rep. 677.

The legislature cannot interfere with power of boroughs to supply water: Cronise v. Cronise, 54 Pa. 255; Com. v. Clark, 7 W. & S. 127; Penna. R. R. v. Canal Commissioners, 21 Pa. 9; Dugan v. Bridge Co., 27 Pa. 303; Com. v. Erie North East R. R., 27 Pa. 339; Southwark R. R. v. Phila., 47 Pa. 323; Susquehanna Canal Co. v. Wright, 9 W. & S. 11; Monongahela Nav. Co. v. Coons, 6 W. & S. 113; Bank of Penna. v. Com., 19 Pa. 155; Foltz's App., 56 Pa. 413; Pittsburg etc. R. R. v. Allegheny County, 63 Pa. 126; Diligent Fire Co. v. Comm., 75 Pa. 291; North Penna. R. R. v. Stone, 16 Leg. Int. 174;

Wright v. Nagle, 101 U. S. 791; Ruggles v. Illinois, 108 U. S. 536; Chicago Fire Ins. Co. v. Needles, 113 U. S. 574; Cains v. Coates, 51 Miss. 335; State v. Denny, 118 Ind. 449; East St. Louis v. Wehrung, 50 Ill. 28; Howard's App., 162 Pa. 374.

*Richard W. Stiffey, Millard F. Mecklem* and *Louis E. Grim,* on behalf of the borough of Rochester which was interested in and affected by the question involved, and to be decided in this case.

OPINION BY MR. JUSTICE DEAN, October 5, 1896:

This appeal was argued first, June 4, 1895, in the Middle District; before the decision was handed down, we had notice by application to take original jurisdiction of the case of White v. City of Meadville, 177 Pa. 643, argued at Pittsburg, October 7, 1895, involving some of same questions; decision was therefore withheld until after the argument of that case; then followed an application for reargument of both cases; this was granted, and reargument had May 6, 1896. We have handed down this day the opinion in White et al. v. City of Meadville, and on the main question it rules this case against defendants. The learned judge of the court below cited and relied on Howard's Appeal, 162 Pa. 374, as ruling the question before him. In White v. Meadville, we, after a full consideration, have concluded the decision in that case should not be followed. The question at issue, on the answer to which the case turns, appears from the following passage in the opinion of the court below:

"Nothing need be said here on the controverted questions as to the wisdom of constructing waterworks; the sufficiency and character of the present water supply, the effect of the proposed new works on the business of the Union Water Company, and whether the company has failed in the performance of its duty. With these and like matters the court has nothing to do in the present proceeding. I cannot control or strike down the power and discretion vested in municipal authorities. The right of the borough of Beaver Falls to construct, own and operate waterworks is undoubted. Whether or not this right shall be exercised is a matter to be determined by the corporate authorities; and unless they have clearly violated the laws prescribing the manner in which their power shall be

exerted, I cannot interfere : Howard's Appeal, 162 Pa. 374."
To this, defendant excepts, and alleges:

" The borough has no power in this behalf beyond what is
delegated to it by the commonwealth. Its sole power is, in the
language of the statute, 'to provide a supply of water for the
use of the inhabitants.' This has been done. The inhabitants
are supplied by the authority executed by other means. The
duty of the borough has been thus executed. Its power has
been supplanted and suspended. It has no authority to erect
waterworks at the expense of taxpayers while such other means
are operative."

We have decided in White v. City of Meadville, on a con-
struction of the acts of assembly, the legislature never did
intend to commit the duty of supplying water to a municipality
to two different agencies, both in operation at the same time.
The borough had authority " to provide a supply of water for
the use of the inhabitants." This supply was provided by the
Union Water Company, subject to such regulations in regard
to streets, roads and grades as the borough imposed. The bor-
ough did not attempt to construct works until years after the
water company had laid its mains, and the public had been
served. The rights of the water company vested by consent
of the municipality and its contract to supply water for public
purposes. The rights of the company are fixed by the act of
April 29, 1874, under which it came into existence, and so are
its obligations. If, as alleged, it fails to furnish a sufficient
supply of pure water, the courts are open to any complainant:
Brymer v. Butler county, 172 Pa. 489. After twenty years
the borough has power to purchase the works at a price not
exorbitant.

We concur with the court below in its finding of facts, but
not in its conclusions of law, as already noticed. Therefore,
the decree is reversed, and it is directed that an injunction
issue restraining the borough of Beaver Falls and its officers
from creating the proposed indebtedness of $123,000 for the
construction of waterworks or any part thereof, and from issu-
ing bonds to secure the same, or any part thereof. Further,
that said defendants be enjoined from executing any contract
for the construction of the proposed waterworks. Further,
that the said borough and its officers be restrained from pass-

ing any ordinance, or doing any other act, matter or thing, in furtherance of its purpose to increase its indebtedness, or erect said waterworks as aforesaid. It is further directed that defendants pay the costs of these proceedings.