# Aaron Wilson et al. and the Union Water Company *v.* the Borough of Rochester et al.

*Municipalities — Boroughs — Water companies — Waterworks—Acts of April* 29, 1874 *and May* 23, 1874.

Where a water company has been organized under the Act of April 29, 1874, P. L. 73, to supply a borough with water, and the borough has entered into a contract with the company and permitted it to lay its pipes, the borough cannot subsequently erect and maintain waterworks to supply its citizens with water, as provided by the Act of May 23, 1874, P. L. 261.

Argued Jan. 9, 1897. Bill in equity No. 244, Miscellaneous Docket No. 1, to restrain the construction of waterworks by a borough. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.

The case was referred to a referee from whose report the following appeared:

The borough of Rochester was incorporated by special act of assembly, approved March 20, 1849, and on September 7, 1871, accepted the provisions of the general borough act, approved April 3, 1851. P. L. 320. The Valley Water Company was incorporated on February 10, 1890, under the corporation act of April 29, 1874, for the purpose of supplying water to the public, in the borough of Rochester. On May 7, 1890, a contract

was entered into between the borough of Rochester and the Valley Water Company, its successors and assigns, whereby it agreed to supply the borough of Rochester with water for fire protection and for domestic use, and the borough was to pay the company $45.00 per annum for each fire plug, for five years, with the option to continue the contract five years longer. On May 8, 1890, the borough granted to the company, its successors and assigns, the right to use the streets, and required the water company to begin work within six months, and to be ready to supply water within eighteen months. All the property and franchises of the Valley Water Company were duly transferred to the plaintiff company. The finding of facts shows, among other things, in substance, that the plaintiff proceeded, in good faith, to construct a plant adequate for the purpose of supplying water to the borough and the public within its limits, in a manner satisfactory to the borough authorities; that it has since continued to supply water, reasonably fit for use, and in good faith to carry out the purposes of its incorporation.

In the fall of 1895 the borough took action in relation to the increase of its indebtedness, and the issuing of bonds for the purpose of constructing a waterworks of its own, and on January 15, 1896, entered into a contract for the construction of such works. The referee's finding shows that the works theretofore constructed by the plaintiff company were superior to that contemplated by the borough under its contract, and that the quality of water supplied by the plaintiff is superior to that proposed to be supplied by the borough.

*D. T. Watson* and *Chas. II. McKee*, with him *C. Heydrick* and *John G. Johnson*, for plaintiffs.—It was settled in Pennsylvania many years ago, in the case of Western Saving Fund Society et al. v. Philadelphia, 31 Pa. 175; Same v. Same, 31 Pa. 185, that the supply of water to the public is not a municipal function.

It has lately been considered and affirmed, in the case of White v. City of Meadville, 177 Pa. 653.

The borough was wholly without authority to make any contract for the building of the works contemplated.

*Louis E. Grim*, with him *Richard W. Stiffey* and *Millard F.*.

*Mecklem,* for defendant.—The 20th section of article 2 of the Act of April 3, 1851, P. L. 320, conferred upon boroughs the right and power to build, operate and maintain waterworks for supplying water to themselves and their inhabitants: Lehigh Water Co.'s App., 102 Pa. 515; Howard's App., 162 Pa. 374.

It being now established that the borough was granted the power to build, operate and maintain a waterworks, it follows then that the waterworks when built would be a municipal improvement, just as much so as the building of a municipal building, the construction of sewers, or the grading and paving of streets, and the exercise of that power, a municipal function: White et al. v. Meadville, 177 Pa. 653.

The Union Water Company and the Valley Water Company were chartered in 1890, subject to the Act of June 2, 1887, P. L. 310, and without any exclusive privileges: Luzerne Water Co. v. Toby Creek Water Co., 148 Pa. 568.

From October 5, 1896, the case of Metzger v. The Borough of Beaver Falls, 178 Pa. 1, is the law upon the subject. Prior to October 5, 1896, the cases of Lehigh Water Co.'s App., 102 Pa. 515; Howard's App., 162 Pa. 374, was the law of the state of Pennsylvania upon the subject.

PER CURIAM, April 12, 1897:

It is very evident from a close inspection of this voluminous record that a full and patient hearing was accorded to the parties by the learned referee in this case; and the painstaking consideration that was afterwards given by him to all the questions—both of fact and of law—that were presented by the pleadings and evidence, is fully attested by his exceptionally clear, methodical and exhaustive report of the case to us. When his report was completed and ready for filing, the parties were invited to examine the same, and except to anything therein that either of them might consider erroneous. Availing themselves of this invitation, both parties filed exceptions, five (5) on behalf of the plaintiffs, and sixty-nine (69) on behalf of the defendants. Fifty-three (53) of the latter are to questions of fact. This necessitated a careful revision of his report by the referee, with special reference to said exceptions, the net result of which was the amendment of his fourth (4) and ninth (9) findings of fact by adding to the end of each the words, " as

may desire the same "—employed in the charter of each of the water companies.

The argument before us was substantially confined to some of the main questions involved in the exceptions, together with the question of costs; but, in disposing of those questions we have carefully examined the record and considered all the exceptions relating to the referee's findings of fact as well as his conclusions of law, and the result has been that no substantial error in either has been disclosed. In view of the careful consideration that has been given by the referee to the questions involved, and the satisfactory manner in which they have been disposed of in his report, further discussion of them or either of them has been deemed unnecessary. We are all satisfied as to the substantial accuracy of his findings of fact as well as his conclusions of law; and the exceptions filed by the respective parties are therefore dismissed, and his report confirmed.

The facts and conclusions of law, thus satisfactorily established, bring this case fairly within the principles recognized and applied in Metzger v. Borough of Beaver Falls, 178 Pa. 1, and entitle the plaintiffs to the decree recommended by the referee in his eighth conclusion of law. In view of all the circumstances we also concur with the referee in his last conclusion, that the costs should be paid, one half by the plaintiffs and the residue by the borough of Rochester, defendant.

It is therefore adjudged and decreed that an injunction issue restraining the borough of Rochester, defendant, its officers, agents and servants, and each and every of them, from constructing or in any manner authorizing the construction of the proposed waterworks referred to in the bill, or any part of said works; and also from doing or authorizing to be done any other matter or thing in furtherance of the construction of said waterworks or any part thereof; and it is further ordered and decreed that the costs of this proceeding, including fifteen hundred dollars ($1,500) referee's fees, be paid, one half by the plaintiffs and the residue by the defendant, the borough of Rochester.