Mary Zeok, Appellant, *v.* The Mercantile Trust Company of Pittsburg, Pennsylvania, Guardian of the Estates of John Zeok, Mary Zeok, Annie Zeok and Andrew Zeok, Minor Children of John D. Zeok, Deceased.

*Deed—Husband and wife—Family settlement—Cancelation of deed.*

A wife executed a deed to her husband for land which the husband and wife held jointly, and also for a small tract of land, the title to which was in her name alone. All of this land had been paid for with the money of the husband, and there was a mortgage covering it all. The husband had his life insured in favor of his wife. When he was about to die, an attorney was consulted who advised that the deed of the land should be made to the husband, who should thereupon execute a will giving all of his estate to his wife for life, with remainder to his children. In consid-

eration of the provisions of the will, the wife was to apply the insurance money to the payment of the mortgage and of all other debts of the husband. The wife assented to the arrangement after a full explanation which she perfectly understood, and papers were executed carrying it out. After the death of the husband, the wife took possession of the property, collected the insurance and paid off the mortgage and other debts. About six years after her husband's death she filed a bill to cancel the deed which she had made to her husband on his deathbed. There was no evidence that the wife had been misled or deceived. *Held*, that the court committed no error in dismissing the bill.

Argued Nov. 2, 1899. Appeal, No. 181, Oct. T., 1899, by plaintiff, from decree of C. P. No. 2, Allegheny Co., Jan. T., 1899, No. 218, dismissing bill in equity. Before GREEN, MC-COLLUM, MITCHELL, FELL and BROWN, JJ. Affirmed.

Bill in equity to cancel a deed. Before FRAZER, J.

The facts sufficiently appear by the opinion of the Supreme Court.

*Error assigned* was decree dismissing the bill.

*A. B. Stevenson*, for appellant.—The burden of proving affirmatively the validity of the deed to Menges is on the defendant, because the parties procuring this deed, Zeok and his attorney, stood in a confidential relation to the grantor, the wife of Zeok, as held in Miskey's App., 107 Pa. 611, Hall v. Otterson, 52 N. J. Eq. 522, White v. Ross, 160 Ill. 56, Barnard v. Gantz, 140 N. Y. 249, Cole v. Getzinger, 96 Wis. 559, Davis v. Dean, 66 Wis. 100, Darlington's App., 86 Pa. 512, Dutton v. Thompson, L. R. 23 Ch. Div. 278, Williams v. Williams, 63 Md. 371, Huguenin v. Baseley, 2 Leading Cases in Equity, 1156; Darlington's Est., 147 Pa. 624, Beach on Modern Eq. Jurisprudence, sec. 125, Stepp v. Frampton, 179 Pa. 289, Disbrow v. Disbrow, 52 N. Y. Supp. 471, and Wright v. Smith, 23 N. J. Eq. 106.

The fact that the deed contains no power of revocation of itself puts on the defendant the burden of proof: Coutts v. Acworth, L. R. 8 Eq. 558; Miskey's App., 107 Pa. 611; Russell's App., 75 Pa. 269; Hasel v. Beilstein, 179 Pa. 567.

*Stephen Stone*, with him *William A. Stone* and *W. P. Potter*, for appellee.—It is clearly the law that such transfers of property as were made in this case are lawful: Wicks v. Dean, 44 S. W. Rep. 397.

This was a family arrangement, with full disclosure. This Court has decided that in such cases compromises cannot be upset, but on the other hand are favored to law: Bierer's App., 92 Pa. 265; Burkholder's App., 105 Pa. 31; Lies v. Stub, 6 Watts, 48; Mead v. Conroe, 113 Pa. 220; Jones v. Lewis, 148 Pa. 234.

OPINION BY MR. JUSTICE GREEN, January 2, 1900:

We are clearly of opinion that this case was properly disposed of by the learned court below. There is on this record an entire absence of the circumstances which in occasional instances will induce equity to intervene and set aside executed conveyances of property in cases of this kind. In this case a wife executed a deed conveying certain real estate through a third person to her husband. Of the property conveyed she held title in her own name to one parcel of small value, about $300, and as to the other properties she and her husband held the title jointly which would give to the survivor the whole. There was a nominal consideration only. The husband being about to die and wishing to make sure that his wife and children should get the whole of his estate after his death, consulted an attorney, who advised with both the wife and the husband as to the best means of securing that result. There was a policy of life insurance on the life of the husband for about $10,000, which the husband had taken out, and on which he had paid the premiums and had it made for her as the beneficiary. The real estate, including that which was held jointly, was subject to a mortgage for $7,000. After becoming acquainted with the circumstances and the desire of the husband and wife, the attorney advised that the wife should convey to the husband all her title so that he should be clothed with the entire title, then that the husband should execute a will giving to the wife all his property, real and personal, for the term of her natural life, and after her death to their children in fee. In consideration of the provisions of the will the wife was to apply the insurance money to the payment of the mortgage and all the other debts of the husband. This was all explained to the husband and wife, and according to the testimony of the attorney himself she understood perfectly what was to be done, and agreed that it should be done. The papers were then prepared by the attorney and

all of them, including the will, were duly executed. There is no contradiction of the testimony of the attorney on this subject, but there is a good deal of corroborating testimony. After the husband's death, which occurred soon after, the wife took all the property into her possession and drew all the rents and profits of the real estate for her own use, and she collected the insurance money, about $10,600, and paid off the mortgage and other debts, and was thus able to enjoy the real estate without incumbrance. She continued to do this up to the time of bringing this suit, nearly six years after her husband's death. There was not a particle of testimony showing that she had been deceived or defrauded or misled by any kind of false representation into the execution of the deed in question. The arrangement was a most desirable and suitable one to make. The family, consisting of the widow and four small children, were kept together, and it cannot be doubted that the method adopted and carried out was the wisest and best that could have been devised. It would be a profanation of justice to set aside such a family arrangement as this. The whole of the property, including the life insurance, was acquired by the husband himself. The wife contributed nothing to it. He generously gave her the title to one of the pieces of real estate and a joint interest in another, and he had the policy of life insurance made out in her name. When she used that money to pay off the debts she did what was beyond all question the best that could be done both for herself and her children.

There is not a single valid reason why the deed executed by her should be set aside, and there is every reason why it should be sustained. It would be a perversion of the sound, just and wise principles which control the instances in which equity does very rarely intervene, to apply them in such a case as this. Attempts like this are made in recent years with more frequency than they should be, and the practice is not one to be encouraged. We have so recently, in the cases of Wilson v. Anderson, 186 Pa. 531, and Rynd v. Baker, 193 Pa. 486, defined the circumstances in which equity will and will not interfere in this class of cases that nothing further need now be said upon that subject. The assignments of error are all dismissed.

Decree affirmed and appeal dismissed at the cost of the appellant.