## Troy Water Company *v.* Troy Borough, Appellant.

<div style="margin-left:auto">

200        453
19 SC ²355

200        453
28 SC 644

</div>

*Water companies—Exclusive privileges—Boroughs.*

Where a borough has entered into an agreement with a water company to supply the borough with water, and the agreement has been carried out, the right of the borough to establish a water supply of its own is exhausted.

Where a borough by an agreement with a water company has exhausted its power to establish a water supply of its own, the borough has no power to establish such supply because the water company failed properly to perform its contract. The remedy of the borough is by proper proceedings to compel the water company to furnish an adequate supply.

Argued March 14, 1900. Appeal, No. 55, Jan. T., 1900, by defendants, from decree of C. P. Bradford Co., Sept. T. 1896, No. 1, on bill in equity in case of Troy Water Company and Eli B. Parsons v. The Borough of Troy, Liston Bliss, Burgess, L. H. Oliver, George O. Holcomb, H. S. Leonard, M. E. Bailey, L. J. Ballard, A. B. McKean, W. B. Gernert, Charles N. Grohs, S. W. Pomeroy, Brainard Bowen and M. J. McNulty, Council. Before McCollum, C. J., Mitchell, Dean, Fell and Brown, JJ. Affirmed.

Bill in equity for an injunction.

From the record it appeared that prior to 1896, the Troy Water Company had supplied the borough of Troy with water under a contract with the borough made many years before. In 1896 the borough began to supply householders from its own cistern and pipes. This suit was then brought.

Olmstead, P. J., filed an opinion which was in part as follows:

A borough cannot erect waterworks of its own after having induced, by its action, a private company to pipe its streets and furnish water to the citizens of the borough, and that brings us to the determination of the more difficult question in the case, to wit: under the facts of the case as we have found them, could the borough of Troy legally establish a waterworks of its own? I think it could not. Before the plaintiff company expended money in the construction of its works to furnish water for the public, the borough council passed a resolution granting them the right to enter the borough and pipe the streets, regulating the grades, etc. This resolution was entirely inconsistent with a reserved purpose on the part of the borough authorities to render the investment of the plaintiff company entirely worthless, as soon as it was completed by the erection of a waterworks of their own. If such a purpose was contemplated, the grant should have been refused, and the borough could have erected such waterworks as they saw fit, and all the subsequent trouble including this action, would not have been.

The passage of the resolution was a relinquishment to the plaintiff of the powers previously vested in the borough of building works of their own. When the borough permitted the plaintiff to lay its pipes in the streets, what other understanding of their action could the plaintiff have than that they relinquished the rights vested in them to erect waterworks, to the plaintiff? Surely, the plaintiffs would not have been so foolish as to expend money under the resolution, if they understood that their investment could at any time have been rendered valueless by the action of the borough.

Previous to all this, and before the incorporation of the plaintiff, the borough had purchased a fire engine and constructed three underground cisterns. Water was pumped by the engine upon fires from those cisterns, while no contract was made between the borough and the plaintiff at the time of the adoption of the above resolution, yet some after contracts were entered into between the borough and the plaintiff, by the terms of which the plaintiff was to extend its lines to these cisterns and thus furnish water for fire purposes. These constructions were made, and water furnished to the cisterns, and a consideration paid by the borough.

In many of the reported cases, the contract to furnish water for fire purposes was entered into previous to, or at the time of, the passage of the resolution permitting the entry by the water company, but I do not understand the decided cases to be based upon the idea of an estoppel, or upon the sufficiency of the consideration for the contract. They are decided upon the ground that the permission to another to enter and lay pipes is an exercise of the right given to the municipal corporation to furnish water itself. The municipal corporation may exercise the right itself, or it may grant the right to another.; and having granted the right to another, it certainly would be legally inequitable to permit it to destroy the investment made upon the faith of its grant.

The court entered a decree against the borough.

*Error assigned* amongst others was the decree of the court.

*William Maxwell* and *I. McPherson*, of *McPherson & Angle*, with them *Rockwell & Mitchell*, for appellant.

*H. C. McCormick*, with him *Morgan & Morse, J. T. McCollom* and *David J. Fanning*, for appellee.

OPINION BY MR. JUSTICE DEAN, October 11, 1901:

This was a suit in equity by the Troy Water Company, against the borough of Troy, to restrain it from inaugurating a new system of water supply to the borough, independent of the Troy Water Company. It was about to lay its mains side by side on the same streets with the Troy Water Company, intending to supply the borough and its householders.

The learned judge of the court below, further finds, that the Troy Water Company was incorporated November 30, 1878, under the act of assembly of April 29, 1874, for the purpose of supplying water for the use of the borough and citizens thereof; that its mains and works were constructed with the consent and invitation of the borough and that it made a contract not only for supplying the borough but for supplying the householders along its mains, and it had fully completed its works in 1884, and had laid several lines of pipes on the principal streets, had drilled wells, made cisterns, erected windmills, and altogether expended more than $12,000 in improvements.

It went on supplying the borough and its citizens until the year of 1884, when, under a resolution of the borough council, the borough commenced to lay pipe and build cisterns for fire purposes, and in 1896 began to supply householders and charged compensation for the same. Whereupon, the Troy Water Company commenced its suit. These are substantially the facts found by the court below.

In the interval between the entry of the Troy Water Company and the determination of the borough to supply itself, the borough had paid to the company considerable amounts for the use of its water, and the company was supplying householders along the route of its mains. These are about the same facts, as those in Metzger v. Beaver Falls Borough, 178 Pa. 1, White v. City of Meadville, 177 Pa. 643, Wilson v. Borough of Rochester, 180 Pa. 509, and Carlisle Gas & Water Company v. Carlisle Water Company, 43 W. N. C. 108.

The learned judge of the court below, in an opinion on the facts, which is conclusive as to the law applicable thereto, holds, that in this case the borough ought to be restrained. Defendant brings this appeal.

We thought, that in the law as settled and announced in the cases cited, the whole question was effectually disposed of by this court. But, it seems, there is still doubt in the minds of some of the profession as to the finality of our decisions. The principal grounds of defense are: That the water company has not furnished the borough with a sufficient supply of water; that its works are inadequate for the purpose; further, that any arrangements or understanding between the borough and the water company, had at the commencement of its improvement, was merely temporary, and the borough at any time had the right to contract with other companies, or furnish itself with water by erecting its own works.

We think it is clearly manifest from all the evidence, as well as findings of the court below, that when the company determined on the erection of its works, it was the understanding and agreement of both parties that the borough council was exercising its municipal privilege, under the act of 1851, to supply the borough with water by its implied contract with the water company. That company, relying on the provisions of the act, laid its mains and the public has ever since been served. This

exhausted the municipal right of the borough to supply water. It chose not to do the work itself, but to contract with a private corporation to do that which it, itself, might have done; the company came into existence, and the obligation of the borough was fixed; municipal authority under the act, therefore, was exhausted. We have said this so often in the cases cited, and, as we thought, so plainly, that we ought not to be called on to say it again.

As to the next defense raised, that the supply was inadequate, this is not a defense in this form of action. The remedy is not one of practical confiscation of the franchise of the water company, as pointed out in Brymer v. Butler Water Co., 172 Pa. 489, but is by a proper proceeding in the court to compel it to perform its contract, express or implied. As we held subsequent to Brymer v. Butler Water Co., supra, also 176 Pa. 430, Du Bois Borough v. Du Bois City Water Works, and as it is well said by the learned judge of the court below, the corporate officers of the Troy borough could not make themselves judges of both the law and the facts and trample upon the rights of the plaintiff with a strong hand instead of resorting to the court for redress. The rights of municipalities to redress their own wrongs is discussed fully in Easton, etc., Pass. Ry. Co. v. Easton, 133 Pa. 521.

The opinion of the learned judge of the court below, which is very concise and clear, disposes of every point at issue in this case. We are of opinion that the decree should be affirmed. We, therefore, affirm the decree and sustain the bill, at cost of the appellants.