## Nelson v. Warren Borough, Appellant. Warren Water Company v. Warren Borough, Appellant.

*Water companies—Boroughs—Contract with water company—Act of April 5, 1873, P. L. 547—Borough of Warren.*

The Act of April 5, 1873, P. L. 547, entitled, "An act to authorize the borough of Warren to erect waterworks and borrow money," did nothing more than declare what the borough had already a right to do by its acceptance of the provisions of the general borough act of April 3, 1851, i. e., either to construct waterworks of its own, or to contract with a water company for a supply of water ; and if in 1881 and 1889, it contracted with a water company for a supply of water, it could not in 1898 claim that it had the right under the act of April 5, 1873, to establish waterworks.

Argued Oct. 11, 1900. Appeal, No. 257, Jan. T., 1900, by defendant, from decrees of C. P. Warren Co. Dec. T., 1899, No 35, on bill in equity in case of John Nelson and Martin Nelson v. Warren Borough et al., and Warren Water Company v. Warren Borough. Before GREEN, C. J., McCOLLUM, MITCHELL, FELL, BROWN and MESTREZAT JJ. Affirmed.

Bill in equity for an injunction.

The bill was filed to restrain the borough of Warren from issuing bonds for the purpose of securing money to erect and build a waterworks. It appeared that in 1881 and 1889 the borough had made contracts with the Warren Water Company to supply the borough with water. It was claimed that notwithstanding these contracts the borough had the right to erect waterworks of its own under the Act of April 5, 1873, P. L. 547, entitled, "An act to authorize the borough of Warren to erect waterworks and borrow money."

The court in an opinion by LINDSEY, P. J., entered the following decree:

And now, this day of July 2, 1900, this case came on to be heard upon bill, answer, testimony, etc., and was fully argued by counsel, and thereupon, upon consideration thereof, it is ordered, adjudged and decreed as follows, to wit: That the borough of Warren, its officers and agents be restrained and perpetually enjoined by injunction from making or issuing the sum of $50,000, of bonds or any part thereof, for the purpose

of building a waterworks for the purpose of supplying water to the borough of Warren and its inhabitants, as well as from doing any act in furtherance of such purpose, and that an injunction issue accordingly. It is also decreed that the costs of this case shall be paid by the said borough of Warren, the defendant.

*Error assigned* among others was the decree of the court.

*D. I. Ball* and *W. U. Hensel*, with them *William Schnur*, and *W. W. Wilbur*, for appellant.—Lehigh Water Company's Appeal, 102 Pa. 515, rules this case so far as the act of April 5, 1873, is concerned.

*Charles H. McKee* and *C. W. Stone*, with them *O. C. Allen*, *William H. Allen*, *Ralph W. Stone*, *Walter Lyon* and *H. Walton Mitchell*, for appellees.—The cases of White v. City of Meadville, 177 Pa. 643, Metzger v. Beaver Falls Boro., 178 Pa. 1, Wilson v. Borough of Rochester, 180 Pa. 509, Welsh v. Beaver Falls Boro., 186 Pa. 578, and Carlisle Gas & Water Co. v. Carlisle Water Company, 188 Pa. 51, rule this case, but if there is any lingering doubt thereon, it is removed by the cases of Gas & Water Company of Downingtown v. Downingtown Borough, 175 Pa. 341, and of Tyrone Gas & Water Company v. Tyrone Borough, 195 Pa. 566.

OPINION BY MR. JUSTICE DEAN, October 11, 1901:

On May 23, 1898, the borough of Warren passed an ordinance, to build municipal waterworks to furnish water for the use of the borough, and the inhabitants thereof, and ordering an election to take the sense of the voters on creating a bonded indebtedness of $50,000, to raise money for the purpose. The election was held and there was a large majority in favor of the increase of indebtedness. The council then were about to issue bonds for the increase of the borough indebtedness. It is claimed these proceedings were had under the authority of a special act of assembly, that of April 5, 1873, enacted before the adoption of our present constitution. The plaintiff then filed this bill, to restrain the issuing of the bonds for the purpose intended. The case was heard and proceeded into final

decree in the court below, January 23, 1899. The court sustained the bill and directed the restraining order to issue. The borough appealed and the appeal was argued May 2, 1899. Before any decision was announced, John Nelson and Martin Cribbins, taxpayers and citizens of the borough, filed their bill against the same defendant, for a like restraining order, and then moved this court to withhold decree in the first case until they could be heard; our decision was, accordingly, withheld. On July 2, 1900, the court below entered substantially the same decree as in the first case and the borough again appealed. This brings before us both appeals, which we now dispose of.

Appellant argues, in both cases, that, under the special act of April 5, 1873, the borough had express authority conferred upon it, to construct and maintain a system of waterworks for the borough and use of the inhabitants; the appellee, that already the borough, by express contract, under the provisions of the general borough act of April 3, 1851, with the water company, had exercised its full power, and, therefore, under the law, had exhausted its authority.

The Warren Water Company was incorporated in 1881, under the act of 1874. In September, 1881, and in September, 1889, it made contracts with the borough for a full supply of water, and there is no doubt, it spent large amounts on the faith of these contracts and continued, from the date of them, to supply the borough and the inhabitants, up to the date of the ordinance to increase the debt.

The borough corporation was originally organized by special legislation, but, on March 10, 1854, by proper proceedings, became subject to the general borough act of 1851, and became thereby entitled to all the benefits of that act and subject to all its restrictions.

It is claimed by appellant, that the contemplated new system of municipal waterworks is to be constructed under the special act of 1873. That the primary object of this act was to authorize the borough and the borough alone, to construct waterworks, either itself, or by contract, but conferred no power to furnish water by contract with a private corporation. Otherwise the act was entirely superfluous. It concedes the exercise of the general power, under the act of 1851, to contract with the water company to furnish water, and that the

company for many years has furnished, and is now, furnishing the municipality and the inhabitants thereof with water.

Clearly, the special act of 1873 did not suspend or supersede, as to this borough, any part of the act of 1851, unless its provisions are wholly repugnant to, or confer distinctly additional powers to those of the first act. The contract with the water company was made under the authority of the act of 1851, for under the second act, the borough is only given authority to erect its own waterworks. It must, therefore, have made the contracts with the private corporation under the act of 1851, and this is conceded by appellant. Having exercised its authority to furnish water under that act, it cannot, under the later act, exercise the alternative one given under the first act, for this is not a repugnant one, or in any view an additional or enlarged authority; it is merely a power which is fully possessed under the old act and which it could have exercised under that act if it had not, by its contract with the private corporation, exhausted its authority. All this is very clearly shown in the opinions of the court below; both acts, without the least conflict can stand, but the municipality cannot by two methods perform the same functions at the same time. Having performed by contract the function by the one method, in 1881, it cannot, in 1898, perform the same function by another method under a law not inconsistent with the one they had acted under. It is, doubtless, true that the special act was superfluous; but superfluity is not repugnancy; the most that can be said, is, that it is a fact in favor of appellant's construction of the act. But, in view of the history of the judicial construction of the act of 1851, it is of no significance. It will be noticed that the expression of intention in the general act of 1851, is meager; this special act was passed in 1873, less than a year before the adoption of the new constitution. It undertook to express in plain language the very powers which this court, in 1889, in Haupt's Appeal, 125 Pa. 211, and subsequent cases, decided were plainly implied. If the proper construction of the act of 1851 be read into it, then the act of 1873, is, in substance, only a repetition of the most important provisions of the general act. Before these decisions, the profession and the legislature were inclined to narrow the scope of the general act, and to allow nothing by implication. Hence,

for unquestionable and supposed enlarged powers, the resort was to special legislation, which was then so easily obtained. From that cause arose many special acts, which may be well called superfluities; but that is all they were, unless in conflict with the general law. And on this theory this special law was, doubtless, supposed to confer upon the borough a power which it did not theretofore possess.

Both cases, therefore, come directly under the rulings of Metzger v. Beaver Falls Boro., 178 Pa. 1, and Wilson v. Rochester Borough, 180 Pa. 509, and similar cases. No elaboration on our part would add to the force of the opinions of the learned court below. We do not see any distinction in the facts of the two cases which calls for a separate decree. Therefore, we affirm both decrees and dismiss both bills, at costs of appellant.