# Tyrone Gas and Water Company, Appellants, v. Burley.

*Justice of the peace—Appeals—Action for penalty.*

The court of common pleas cannot upon appeal reverse a judgment of a justice of the peace in an action for a penalty, where no issue of either law or fact has been developed by the pleadings, and no case stated by the parties. When the court allows such an appeal the proceeding becomes one in assumpsit in the common pleas and must take the course pursued in appeals from all judgments of justices in actions of assumpsit, save that affidavits of defense are not by the procedure act of 1887 required in actions for penalties.

*Water companies—Constitutional law—Police power.*

The Act of April 29, 1874, sec. 34, clause 5, P. L. 94, imposing a penalty for turning on the water of a water company without authority, is a legitimate exercise of the police power of the commonwealth, and is intended to protect the interest of the public by investing those who have

undertaken to discharge a duty to the public with the absolute control of the instrumentalities for discharging that duty.

*Water companies—Boroughs—Turning on water without authority.*

Where a water company turns off the water from the plugs of a borough because the borough has refused to pay the rate prescribed by the company, and thereafter the borough council passes a resolution that a committee of council shall with the aid of a plumber and the police turn on the water at the plugs of the borough, the individual members of the committee and the plumber who actually turned on the water which should have been turned off are liable for the penalty provided by the act of April 29, 1874, and they cannot shield themselves from such liability under cover of the resolution of the borough council.

Where a borough has refused to pay the rate fixed by a water company and has refused to take any steps to have such rate adjusted by the court of common pleas in the manner provided by law, the water company is not required to furnish water without compensation and may turn it off.

Argued Nov. 1, 1901. Appeals, Nos. 76, 77, 78, 79, 80 and 81, Oct. T., 1901, by plaintiffs, from judgment of C. P. Blair County, Oct. T., 1899, Nos. 187, 188, 189, 190, 191 and 192, reversing judgment of justice of the peace in case of Tyrone Gas & Water Company, C. H. Dieffenbaugh, Informer, v. Walter Burley, Emory Piper, John K. Ray and W. Fisk Conrad. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Appeals from justice of the peace.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in reversing judgment of justice of the peace.

*A. A. Stevens* and *W. L. Pascoe*, for appellants.—Where the statute makes no exception the courts can make none : Pittsburg v. Kalchthaler, 114 Pa. 547 ; Com. v. Fitler, 147 Pa. 291 ; Reimer Harrow Co. v. Rosenberger, 40 Legal Int. 382 ; Haddock v. Com., 103 Pa. 248 ; Bradbury v. Wagenhorst, 54 Pa. 180 ; Brandling v. Barrington, 6 B. & C. 467 ; Morris v. Balderston, 2 Brewster, 459.

Intent must not be confounded with motive : May's Criminal Law, sec. 6, p. 5 ; Reg. v. Sharpe, 7 Cox C. C. 214 ; U. S. v. Anthony, 11 Blatch. (U. S.) 200 ; Hyde v. Melvin, 11 Johns. 521.

The legislature can declare an act a crime and make it punishable regardless of the intent: Com. v. Junkin, 170 Pa. 199; Meeker v. Com., 42 Pa. 283.

The act of 1874 was a proper exercise of the police power: Norris v. Clymer, 2 Pa. 285; Com. v. Hartman, 17 Pa. 118; Calder v. Bull, 3 Dall. 399; Powell v. Com., 114 Pa. 265.

*A. O. Furst,* with him *Hicks & Templeton,* for appellees.—In a penal action against two, it must appear that both defendants concur in the act complained of: Phila. v. Kitchen, 2 Phila. 44; Buckwalter v. U. S., 11 S. & R. 193.

In an action for a penalty imposed by ordinance, the record must contain a finding that the offense was committed and the defendant thereof convicted. It must also show the jurisdiction: Phila. v. Mason, 4 Dall. 266; Phila. v. Nell, 3 Yeates, 475; Hill v. Williams, 14 S. & R. 287; Phila. v. Duncan, 4 Phila. 145; Clark v. Bartlett, 8 Phila. 301.

A penal statute must be construed strictly, and should not be extended beyond the evident intention of the legislature as expressed on its face: Bucher v. Com., 103 Pa. 528; Com. v. Nesbit, 34 Pa. 398.

OPINION BY W. D. PORTER, J., February 14, 1902:

These six appeals were argued together and all involve the same questions. Actions of assumpsit were brought before an alderman by the plaintiffs against the defendants to recover the penalty " of not less than ten nor more than $100," for letting on the water, of the water company, without authority from the inspector or other authorized agent of said company, after the same had been stopped by order of the authorized agents of the company, under the provisions of the Act of April 29, 1874, sec. 34, clause 5, P. L. 94. The six trespasses were separate and distinct, having been committed at different places upon the lines of the company, and let on the water in different localities, but each one of the defendants participated in all and all occurred under the same circumstances. If the defendants were liable in any of the cases they are liable in all. The alderman entered judgment against the defendants in the sum of $40.00 in each case. The court of common pleas allowed appeals in each of the cases, and subsequently entered a

decree in each case reversing the judgment of the alderman. When the court entered the decree of reversal no issue of either law or fact had been developed by the pleadings; no question of the jurisdiction of the justice had been raised, nor had it been suggested that the transcript of the proceedings had before him was defective; so far as disclosed by the record the judgments had been regularly entered in proceedings of which the alderman had jurisdiction.  When the court allowed the appeal the proceeding became one in assumpsit in the common pleas and ought to have taken the course pursued in appeals from all judgments of justices in actions of assumpsit, save that affidavits of defense are not by the procedure act of 1887 required in actions for penalties.  The plaintiff had filed no statement nor, if under any rule of the court below the transcript of the justice is to stand as a statement, had the defendants entered a plea or demurrer: no issue had been reached.  The parties had not agreed upon a case stated; had they done so it would have been necessary for them to agree upon the amount of the judgment to be entered in each action; in case the question presented was decided in favor of the plaintiffs, for the amount of the judgment is not fixed by the act of assembly, it must be not less than $10.00 nor more than $100.  The learned judge of the court below inadvertently overlooked the fact that the cases were not before him upon writs of certiorari.  The court was not authorized to enter any judgment and the decrees appealed from are manifestly erroneous.

There seems to have been no dispute as to the facts, either before the alderman or in the court below, and the paper-books presented in this court, as well as the statements of counsel at the oral argument, make it clear that they believe that the liability of the defendants is to be determined as a question of law upon undisputed facts.  They have not, however, put the record into such shape as to permit of the entry of a final judgment by this court, the act of assembly does not invest us with the discretion to determine whether the penalty shall be $10.00 or $100 in each case.  As the learned court below was of opinion that the defendants were exempt from the provisions of the statute, and as the case must go back for further proceedings, we deem it proper to examine as to the soundness of that con-

clusion.   We will briefly state the facts which all parties con-
cede to be undisputed.

The water company had, prior to January, 1899, and after
notice, established a rate to be paid by the borough of Tyrone
for the water furnished to the fire plugs provided by the bor-
ough.   The borough council refused to pay the rate fixed, and
having made default in the payment of said rate, the borough
authorities were on August 10, 1899, notified that if the bill
was not paid, the water would be turned off from said fire plugs
at noon on the 12th day of said month.   The borough did not
pay and the water was turned off from six of the fire plugs of
the borough, by the authorized agents of the water company, in
accordance with the notice.   The borough council met the same
evening and passed a resolution : " That the Light and Water
committee be instructed to employ a plumber, with the assist-
ance of the police, and turn on the water at the several plugs ·
which have been tampered with by the Gas & Water Company,
and instruct the police to allow no further tampering with the
plugs and pipes of the borough leading to the same."   The
defendants, Burleigh, Ray and Conrad, were members of coun-
cil and voted for this resolution.   The three defendants named
employed Piper, and all four went and turned on the water at
six separate and distinct places on the water company's lines ;
they then placed the police in charge with instructions to retain
forceable control of the appliances of the water company which
regulated the flow of water to the fire plugs.   The defendants
attempted to justify their action under cover of the resolution
by the borough council.

It is very clear that a borough council cannot repeal a law
enacted by the general assembly of the commonwealth, and if
the proceedings of the defendants were prohibited by the stat-
utes, the resolution of the council cannot exempt them from lia-
bility.   The learned judge of the court below recognized this,
but held that the act of assembly was only applicable to the case
of a private citizen, or a private consumer, and not to those who
acted for the borough, under a supposed right of the municip-
ality.   The act of 1874 imposes upon water companies specific
duties, they must supply to the communities which they under-
take to serve water in quantity and of a quality required by the
statute ; the company alone is answerable for the character of

the service and not the municipality within which its lines may happen to be located. The company selects its own appliances for serving the public and, in order that its duty to the public may be fully met, it is essential that it shall have control of those appliances free from outside interference. The property of such a company is distributed over extensive regions and it would require an army of agents exercising constant supervision to prevent unauthorized trespasses upon the same and the appropriation of the water by persons who under the law had no right to take it. The water in the lines of the company is the property of the corporation, from which alone it must receive compensation for the service, which in contemplation of law it renders to the public; the property is fugitive in its nature, easily taken without its unlawful appropriation being discovered, and being so taken it is difficult to trace, and it is not possible to identify or reclaim it. The only way in which such property can be retained by the owner is through the absolute control of the appliances regulating its flow. The nature of the property and the interest which the public has in its distribution make it a reasonable and proper subject for classification by the legislature. The legislation in question is a legitimate exercise of the police power of the commonwealth, and was intended to protect the interest of the public by investing those who have undertaken to discharge a duty to the public with the absolute control of the instrumentalities for discharging that duty. The legislature can declare an act a crime and make it punishable regardless of the intent: Commonwealth v. Junkin, 170 Pa. 194. We do not say that one who accidentally turned on water, or that one who had authority to turn on water at a given place, through a mistake of fact, turned it on at some other place, would be liable to the penalty imposed by this statute, but one who, knowing that the water has been turned off by the water company, turns it on without authority, intending so to do, cannot be heard to say that his intention was lawful; the legislature has declared his act to be unlawful. The argument upon the part of the appellee that the borough owed to its citizens the duty of furnishing water to the fireplugs as a protection against fire is without merit. It is not necessary to discuss the existence of such a duty or its nature. If the duty was upon the borough, it had no right to shift that duty onto the water

company and compel the latter to discharge it without compensation. The ownership of property by a corporation is as absolute and comprehensive as that by a private citizen. It includes the right to put a value upon it and to determine on what terms it will part with it, or supply its customers with the commodity with which it deals, in the same manner that an individual or partnership could do. The legislation by which they are regulated vests in water companies the primary right to fix the rates at which they will serve customers, and if a customer is aggrieved thereby he can petition the court and have the rates decreased if improper. The power to supervise the rates established by water companies is conferred upon the courts of common pleas by Acts of April 29, 1874, P. L. 95, and June 2, 1887, P. L. 311, and municipalities as well as private citizens must there seek redress: Brymer v. Butler Water Company, 179 Pa. 231. The borough of Tyrone was not the builder or owner of the waterworks but a mere consumer, and stood upon the same basis as any private citizen in regard thereto. " The remedy given by the act is intended to be adequate, and we see no reason why it may not be made so. The whole subject is put under the control of the court in the broadest terms, and being one which concerns the public interests may be treated, with regard thereto, to the extent necessary : " Du Bois Borough v. Du Bois City Water Works Company, 176 Pa. 430. The corporate officers of a borough cannot make themselves judges of both the law and the facts and trample upon the rights of a water company from which they propose to take its property with a strong hand instead of resorting to the courts for redress. The borough of Tyrone had been notified at the first of the year, 1899, what rates would be charged for water during that year; if the borough authorities were not satisfied with the rate, their only remedy was through a petition to the court of common pleas. They declined to pursue the course which the law provided and preferred to take the property of the water company by force, using for that purpose the borough police, who ought to be the guardians of peace instead of the instruments of violence. A borough has no more right to redress its own wrongs in a manner not authorized by law than has a private citizen : White v. Meadville, 177 Pa. 655 ; Conestoga, etc., Turnpike Road Co. v. Lancaster, 151 Pa. 543 ; Easton, etc., Passenger Railway Com-

pany v. Easton, 133 Pa. 505; Cooke v. Boynton, 135 Pa. 108; Troy Water Company v. Troy Borough, 200 Pa. 453. The borough having refused to pay the water rate fixed by the water company, and having refused to take any steps to have that rate adjusted by the court of common pleas in the manner provided by law, the water company was not required to furnish water without compensation, and might turn it off: Girard Life Insurance Company v. Philadelphia, 88 Pa. 393; Appeal of the City of Harrisburg, 107 Pa. 102. It cannot be asserted that the action of this water company was unreasonable; they waited until the borough was seven months in default before taking any positive action, they did not even then turn off the water without notice but gave the borough authorities two full days' warning, affording ample time even then for the borough authorities to apply to the court of common pleas for an adjustment of the rate and an injunction pending that proceeding. Had this case gone to a jury trial and the defendants admitted the facts which they now concede to be undisputed, it would have been the duty of the court to give binding instructions in favor of the plaintiffs; the only question would have been as to the amount of the verdict.

The judgment is reversed and a procedendo awarded in each of the appeals Nos. 76, 77, 78, 79, 80 and 81, October 7, 1901.