# The City of Erie *versus* The Erie Canal Company.

1. Where the state has granted a public work to a corporation, the grantees are discharged from those duties to the public growing out of the work which the state had performed before the grant, unless there are express words in it imposing them on the corporation.

2. The legislature can compel a municipal corporation within whose bounds public bridges are, to construct and keep them in repair.

3. The charter of a municipal corporation is not a contract within the prohibition in the bill of rights.

4. The Act of March 16th 1864, requiring the Erie Canal Company to rebuild and repair bridges over their canal, is unconstitutional.

[City of Erie v. Erie Canal Co.]

October 20th 1868.    Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ.

Error to the Court of Common Pleas of *Erie county:* No. 129, to October and November Term 1867.

This was an action of debt, brought May 25th 1865, by The City of Erie against The Erie Canal Company, to recover $1409.95, the sum expended by the plaintiff in repairing a bridge over the defendants' canal within the city of Erie.    The questions in the case arose on the following Acts of Assembly :—

The incorporation of the canal company was authorized by an Act of Assembly approved March 7th 1843.    By the 11th section of the act (Pamph. L. 41), it was provided that immediately upon issuing letters patent, &c., "the Erie division of the Pennsylvania Canal from the town of Erie to the mouth of the Beaver, together with the French creek feeder, shall be vested in the said corporation, * * * together with * * all the estate, real and personal, purchased and owned by the Commonwealth for the use of said canal."

By the 14th section of the act it was provided that the Commonwealth might resume the canal and the privileges, &c., granted, on paying the company the amount of money expended by them in finishing it, &c., with interest at the rate of 8 per cent. per annum, &c.    By the Act of May 8th 1865, Pamph. L. 518, the 14th section of the Act of 1843 was repealed.

On the 16th of March 1864 (Pamph. L. 13), an act was passed requiring the canal company "to build, repair and keep in repair all bridges over their canal on public roads and streets crossing the same, &c., * * and if said company should at any time refuse or neglect to build, &c., said bridges, then the proper authorities having charge of said roads or streets, shall build, &c., and keep an accurate account of the expenses, which should be a lien on all the property, &c., of the company, &c., and might be recovered by suit at law as debts of like amount are recoverable."

The declaration averred that the defendant, by authority of law, constructed a canal through the city of Erie, and it therefore became necessary to build bridges on the streets over the canal, and set out the Act of 1864; it averred further, that the mayor and councils of Erie are the proper authorities having charge of the bridges, that it became necessary to rebuild a bridge over the canal on Myrtle street, that the company was notified and neglected to repair it, and that the plaintiff repaired it at a cost of $1409.95, and for this the suit was brought.    The plea alleged that the company had not accepted the Act of 1864, and that it was inoperative and void without their acceptance.    The plaintiff demurred to the plea, and the court gave judgment for the defendant on the demurrer.

[City of Erie v. Erie Canal Co.]

The plaintiff took a writ of error, and assigned the entering judgment for error.

*E. Babbitt*, for plaintiff in error, referred to the Acts of 1843 and 1864. No act is unconstitutional except clearly forbidden by the Constitution: Eakin v. Raub, 12 S. & R. 330; Harvey v. Thomas, 10 Watts 63; Commonwealth v. McWilliams, 1 Jones 61; Commonwealth v. Hartman, 5 Harris 118; Sharpless v. Philadelphia, 9 Id. 147; Erie & N. E. Railroad v. Casey, 2 Casey 287; Speer v. Blairsville, 14 Wright 150. There was a moral obligation on the company to rebuild the bridge and therefore the legislature could add a legal one: Menges v. Wertman, 1 Barr 218; Lycoming v. Union, 3 Harris 166. He referred also to Meadville v. Erie Canal Co., 6 Id. 66; Bank of Penna. v. Commonwealth, 7 Id. 144; Penna. Railroad v. Duquesne Borough, 10 Wright 223.

*J. C. Marshall* and *D. Derrickson* (with whom was *F. F. Marshall*), for defendants in error, referred to the Acts of Assembly, Meadville v. Erie Canal Co., before cited; also Indiana Turnpike v. Phillips, 2 Penna. R. 184; Dartmouth College v. Woodward, 4 Wheaton 518; Fletcher v. Peck, 6 Cranch 87; Brown v. Hummel, 6 Barr 86; Claghorn v. Cullen, 1 Harris 133.

The opinion of the court was delivered, January 5th 1869, by

SHARSWOOD, J.—There are two questions which must be considered to have passed *in res judicatas*. The first is that where the state has made a grant of a public work to a corporation, the grantees are discharged from those duties to the public growing out of the work which the state has been accustomed to perform before the grant, unless there are express words in the transfer imposing those duties on the corporation. The second is that the charter of the Erie Canal Company does not impose upon that company the duty of making or keeping in repair public bridges connecting highways intersected by the canal: Pennsylvania Railroad Co. v. Duquesne Borough, 10 Wright 223; Meadville v. The Erie Canal Co., 6 Harris 66.

This leaves in this cause but one question, whether the Act of March 16th 1864, entitled "An act to compel the Erie Canal Company to construct and keep in repair the bridges made necessary by the construction of their canal," is a constitutional exercise of legislative power.

Had the legislature seen fit to impose such a duty upon any municipal corporation within whose bounds the bridges were, it seems now well settled that they would have had the right to do so: Sharpless v. Philadelphia, 9 Harris 147; Kirby v. Shaw, 7 Harris 258; City of Philadelphia v. Field, 8 P. F. Smith 320.

On the other hand, it seems equally clear that they could not

[City of Erie v. Erie Canal Co.]

impose such a duty on a private individual or a private corporation, such as a bank or insurance company. That would be to take private property for a public use without compensation, and the power of taxation, though very great, still has limits, and does not extend so far as that.

Is there any reason, then, why a *quasi* public corporation, such as a turnpike company, a railroad or canal company, should stand on a different footing?

The charter of a municipal corporation is not a contract within the protection contained in the prohibition of the declaration of rights against laws impairing contracts: Const. of Penna. Art. ix., § 17, 3 Story on the Const. 260. But it has been expressly decided by this court that a charter to a company to make a lock navigation in a public stream is a contract, and that no new terms can be subsequently imposed by the legislature, not within the scope of the original grant: Monongahela Navigation Co. *v.* Coon, 6 Barr 379. In that case the act of incorporation contained no clause subjecting the company to liability for consequential damages arising from the construction of the work committed to them, and it was held that the legislature could not by a subsequent act, without their acceptance, impose that responsibility upon them.

The power of the state would have been incompetent to burden the company with charges not originally imposed on it. Even when the state parts with its property by a gift to a corporation of its own creation, it is an executed grant, a contract within the meaning of the Constitution, which cannot be subsequently revoked or impaired: Commercial Bank of Natchez *v.* Chambers, 8 Smedes & Marshall 9.

In the act incorporating the Erie Canal Company, March 7th 1843, Pamph. L. 36, there was no power reserved to the state to alter or modify its provisions, but only to resume the canal upon certain conditions, and this reserved power the state formally relinquished in consideration of the company agreeing to pay all damages and debts " on account of the construction of the works of said company, while in possession of the Commonwealth:" Act of May 8th 1855, Pamph. L. 518. That while the state retained this power of resumption, the company submitted to and accepted, either expressly or tacitly, many impositions laid on them by acts of the legislature which they might have resisted, may be true; but there is nothing which can be construed to be an agreement express or implied to surrender to the state the power of making whatever changes they might see fit.

Many reasons may be suggested why a corporation of this character should not engage in a contention with the government, when it can be avoided; and why therefore they should not

9 P. F. SMITH—12

[City of Erie *v.* Erie Canal Co.]

always stand to their arms when encroachments are made on their undoubted rights.

When this court, therefore, decided in Meadville *v.* The Erie Canal Company that the clause in the charter imposing on this company the duty to make and keep in repair all farm bridges and causeways on the line of the canal meant "farm bridges and farm causeways,"—*expressio unius est exclusio alterius*—it followed as a logical sequence that they were under no obligation to make and keep in repair public bridges or causeways; and another consequence inevitably followed, that the legislature could not without their consent impose such duty upon them, for that would be for one of the parties without the other to insert a new term in the contract.

Judgment affirmed.