Gas & Water Company of Downingtown, Pa., Appellant, *v.* The Corporation of The Borough of Downingtown, James R. Gordon, Burgess, and S. Austin Bicking, Guyon Miller, Samuel P. Brown, Frank J. McGraw, E. Vinton Philips and Samuel D. White, Town Council of the Borough of Downingtown.

*Municipalities—Water companies—Boroughs.*

A borough is a mere agency of the state for governmental purposes. Its charter is not a contract within the protection of the prohibition against laws impairing the obligation of contracts, and it has no vested right to its powers and franchises.

The legislature has the power to take away the right of a borough incorporated under the general borough act of April 3, 1851, to construct water works, and it may exercise this power by creating a corporation and conferring upon the corporation the power which had been previously conferred upon the borough.

All grants of exclusive privileges should be strictly construed, but when there is no ambiguity there is no occasion for the application of the rule that a grant for a public use cannot be created by implication or extended by construction.

The borough of Downingtown was incorporated on May 20, 1859, under the general borough act of April 3, 1851, by which it was empowered " to provide a supply of water for the use of the inhabitants." This power was not exercised by the borough, and on March 22, 1867, an act was passed incorporating a company with " exclusive authority to supply with gas light and water the borough of Downingtown and its vicinity, and such persons, partnerships and corporations residing therein as may desire the same." Works were erected and water was supplied in the borough of Downingtown until the company's property and franchises were sold by the sheriff in 1878. The purchaser organized a new company which accepted the provision of article XVI. of the constitution. *Held,* (1) that the new company had the exclusive right to furnish water in the borough of Downingtown and vicinity; (2) that the exclusive rights and privileges conferred upon the original company which became vested in the new company were not affected by the latter's acceptance of the provisions of article XVI. of the constitution.

Argued Feb. 13, 1896. Appeal, No. 26, Jan. T., 1896, by plaintiff, from decree of C. P. Chester Co., in equity, refusing an injunction. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Bill in equity to restrain the construction of public water works in the borough of Downingtown.

A demurrer was filed to the bill for the reason that the exclusive authority claimed by the complainant was not exclusive as against the borough.

The facts alleged in the bill sufficiently appear from the opinion of the Supreme Court.

The court in an opinion by WADDELL, P. J., HEMPHILL, J., dissenting, sustained the demurrer and dismissed the bill.

*Error assigned* was decree of the court.

*R. T. Cornwell* and *John G. Johnson, Gibbons Gray Cornwell* with them, for appellant.—The exclusive privileges conferred by complainant's charter are exclusive as against the municipality :: New Orleans Gas Light Co. v. Louisiana Light & Heat Producing Co., 115 U. S. 665 ; New Orleans Water Works Co. v. Rivers, 115 U. S. 674 ; Gas Co. v. Gas Co., 115 U. S. 693 ; Com. v. Pa. Canal Co., 66 Pa. 52 ; Dillon on Municipal Corporations, 692 ; Freeport Water Works Co. v. Prager, 129 Pa. 605 ; Erie v. Erie Canal Co., 59 Pa. 177 ; 3 Story on Constitution, 260 ; Berkley v. Sewer Co., 93 U. S. 258.

Where the grant of an exclusive authority to furnish water to a municipality is unqualified, there is no authority for distinction between private companies and the municipality itself :: Lehigh Water Co.'s App., 102 Pa. 515 ; Freeport Water Works Co. v. Prager, 129 Pa. 605 ; Natural Gas Co. v. Dewitt, 29 Am. Law Reg. 115 ; Com. v. Pa. Canal Co., 66 Pa. 52 ; Binghamton Bridge, 3 Wall. 75.

The plaintiff's charter is a contract which the state cannot impair or violate : Dartmouth College v. Woodward, 4 Wheaton, 712 ; Wilmington R. R. v. Reid, 13 Wall. 266 ; Farrington v. Tennessee, 75 U. S. 683 ; Louisville Gas Co. v. Citizens Gas Co., 115 U. S. 683 ; Judge Cooley, Constitutional Limitations, 274 ; Mills v. Williams, 11 Iredell, 561 ; Wales v. Stetson, 2 Mass. 146 ; Morawetz on Private Corporations, sec. 439 ; Iron Bank v. Pittsburg, 37 Pa. 345 ; Bank of Pa. v. Com., 19 Pa. 151 ; Com. v. Pottsville Water Co., 94 Pa. 516 ; Chincleclamouche Lumber Co. v. Com., 100 Pa. 438 ; Johnson v. Crow, 87 Pa. 186.

The water company, plaintiff, by its acceptance of article 16 of the constitution of the state did not lose its exclusive rights and privileges under the charter of the original company.

*William S. Windle* and *Thomas S. Butler, William Butler, Jr.,* with them, for appellees.

OPINION BY MR. JUSTICE FELL, May 11, 1896 :

The bill in this case was filed in the common pleas by the Gas & Water Company of Downingtown to restrain the burgess and council of the borough of Downingtown from constructing works to provide the borough with water. A demurrer to the bill, which raised the single question whether the authority conferred upon the water company by the act incorporating it was exclusive as against the borough, was sustained and the bill dismissed.

The borough of Downingtown was incorporated on the 20th of May, 1859, under the general borough law, act of April 3, 1851, by which it was empowered "to provide a supply of water for the use of the inhabitants." This power not having been exercised by the borough, the Downingtown Gas & Water Company was incorporated by act of assembly March 22, 1867. The third section of the act conferred upon it exclusive privileges, and is as follows : "The said corporation shall have exclusive authority to supply with gas light and water the borough of Downingtown and its vicinity in the county of Chester, and such persons, partnerships and corporations residing therein as may desire the same, at such price as may be agreed on, and also to make and erect the necessary machinery, apparatus and buildings for manufacturing and distributing the same, and the right to enter upon any public street, lane, alley or highway for the purpose of laying down pipes, altering, inspecting and repairing the same, doing as little damage to the streets, lanes, alleys or highways and impairing the free use thereof as little as possible," etc. The section provided also that the exclusive privileges conferred should be revoked unless suitable works to supply water should be erected within five years from the passage of the act. Suitable works were erected within the time specified, and the company continued to supply water until its property and franchises were sold by the sheriff in August,

1878. The purchaser at the sheriff's sale, with others interested in the proceeds of the sale, at once organized a new corporation, adopting the name of the Gas & Water Company of Downingtown. The new corporation accepted the provisions of article 16 of the constitution, and complied with the requirements of the act of May 25, 1878, in order that it might possess all the rights, privileges and franchises of the corporation which it succeeded.

The prayer of the bill for an injunction was refused on the construction placed upon the act incorporating the Downingtown Gas & Water Company. At the time of the passage of the act the borough had failed to exercise the power conferred upon it to establish water works. The borough was a mere agency of the state for governmental purposes; its charter was not a contract within the protection of the prohibition against laws impairing the obligation of contracts, and it had no vested rights to its powers and franchises. The agency was revocable. City of Erie v. Erie Canal Co., 59 Pa. 174; Philadelphia v. Fox, 64 Pa. 169. The legislature had the power to take away the right of the borough to construct water works, and to confer it upon another. Its power over the subject-matter was absolute, and it exercised it by creating a corporation and conferring upon it the power which it had previously conferred upon the borough. It thus created a new agency and conferred upon it privileges which were in terms exclusive of all other agencies. The water company accepted the grant of power which the borough had failed to execute, together with its privileges, and made expenditures and completed the works. The exclusive privilege was the inducement for the expenditure of money in the construction and operation of the works. The purpose was to protect the company and to secure it in the exclusive enjoyment of its franchises, not for all time and against all parties, for the borough could at any time elect, under legislation to which the charter was expressly made subject, to purchase the works. The state, dealing with its own agencies, over which it had sovereign control, and conferring upon one of them an unexecuted power which had been possessed by the other, granted to the water company the exclusive authority to supply water to the borough and its vicinity and to such persons residing therein as might desire the same. It is true that this grant should be strictly

construed, and not extended by construction beyond the plain meaning of the language used in the act. All grants of exclusive privileges should be strictly construed, but when there is no ambiguity there is no occasion for the application of the rule that a grant for a public use cannot be created by implication or extended by construction. When the powers are plainly defined the construction should be to sustain them by giving effect to the intention expressed. The grant of an exclusive privilege to the water company is expressed in words that are clear and unequivocal. If we look beyond the words of the act it is manifest that the object in making the privilege exclusive was to induce the expenditure of capital for the needed work by securing the company from the ruinous effect of competition. It could not have been expected to do this by excluding private competition, which there was little reason to anticipate, and leaving it exposed to the only competition which it had reason to fear, that of the borough.

The exclusive rights and privileges conferred upon the original company by its charter, which became vested in the complainant, were not affected by its acceptance of the provisions of article 16 of the constitution.

We are of opinion that the injunction prayed for should have been granted, and the order of the court of common pleas of September 9, 1895, sustaining the demurrer and dismissing the bill, is reversed and set aside, and it is directed the record be remitted for further proceedings.