# Manheim Borough, Appellant, *v.* Manheim Water Company.

*Municipal corporations—Boroughs—Water company—Acts of May 31, 1907, P. L. 355, and April 29, 1874—Constitutional prohibition—Impairment of contracts.*

1. The Act of May 31, 1907, P. L. 355, providing "for the acquiring of water plants or systems by municipalities" is not applicable to the purchase by a borough of the property of a water company incorporated in 1884, under the general corporation Act of April 29, 1874, P. L. 73, inasmuch as it would be contrary to the constitutional provision prohibiting the violation of a contract.

2. Where a water company's property may, under its charter, be taken by a municipality at a sum equal to the net cost with interest

at ten per centum per annum, deducting dividends, the legislature cannot thereafter pass an act providing for the appointment of appraisers to fix a price which the company is bound to accept under the penalty of losing the exclusive privileges conferred upon it by its charter.

3. Where the legislature is given the constitutional power to alter, revoke or annul a charter, the charter is still accounted a quasi contract; and if the legislature undertakes to exercise the power, it must act in such manner that no injustice shall be done to the corporators.

Argued May 17, 1910. Appeal, No. 153, Jan. T., 1910, by plaintiff, from decree of C. P. Lancaster Co., entered in Trust Book No. 21, p. 401, dismissing petition of plaintiff in case of the Borough of Manheim v. The Manheim Water Company. Before FELL, C. J., BROWN, MESTREZAT, ELKIN and MOSCHZISKER, JJ. Affirmed.

Petition for the appointment of appraisers under the Act of May 31, 1907, P. L. 355. Before HASSLER, J.

The facts appear in the opinion of the Supreme Court.

*Error assigned* was the decree of the court dismissing the petition.

*Martin M. Harnish,* with him *William R. Harnish,* for appellant.—The act is not unconstitutional by reason of its impairing the obligation of a contract: White v. City of Meadville, 177 Pa. 643; Dorrance v. Bristol, 224 Pa. 464; Johnson v. Crow, 87 Pa. 184.

No injustice is done by this act: Penna. R. R. Co. v. Phila. County, 220 Pa. 100; Phila. & Gray's Ferry Passenger Ry. Co.'s App., 102 Pa. 123; Hestonville, etc., Pass. R. R. Co. v. Kelley, 102 Pa. 115; Long Island Water-Supply Co. v. Brooklyn, 166 U. S. 685 (17 Sup. Ct. Repr. 718).

*John E. Malone,* with him *W. U. Hensel,* for appellee.— The act impairs the obligation of a contract: Metzger v. Beaver Falls Boro., 178 Pa. 1; Wilson v. Boro. of Rochester, 180 Pa. 509; Downington Gas & Water Co. v. Boro. of Downington, 175 Pa. 341; Tyrone Gas & Water Co. v.

Tyrone Boro., 195 Pa. 566; Penna. R. R. Co. v. Phila. County, 220 Pa. 100.

OPINION BY MR. JUSTICE MOSCHZISKER, July 1, 1910:

The Manheim Water Company was incorporated in 1884, under the general corporation Act of April 29, 1874, P. L. 73. It began supplying water to the citizens of the borough of Manheim in 1885, and to the borough in 1888. In February, 1910, the borough became desirous of obtaining the property of the water company and presented a petition for the appointment of appraisers under the Act of May 31, 1907, P. L. 355. The court below dismissed the petition on constitutional grounds, holding the act of 1907 inapplicable to companies incorporated under the act of 1874 prior to the Act of June 2, 1887, P. L. 310; and the borough has appealed.

Section 17 of art. I of the constitution of Pennsylvania provides that no law impairing the obligation of contracts shall be passed. Section 10 of art. XVI, provides that, "The General Assembly shall have the power to alter, revoke or annul any charter of incorporation now existing, and revocable at the adoption of this constitution, or any that may hereafter be created, whenever, in their opinion, it may be injurious to the citizens of this commonwealth, in such manner, however, that no injustice shall be done to the corporators." The act of 1874, sec. 34, clause 3, provides: "The right to have and enjoy the franchises and privileges of such incorporation (water company) within the district or locality covered by its charter shall be an exclusive one;" clause 7, "It shall be lawful at any time after twenty years from the introduction of water into any place as aforesaid, for the town, borough, city or district into which said company shall be located, to become the owners of said works and the property of said company, by paying therefor the net cost of erecting and maintaining the same with interest thereon at the rate of ten per centum per annum, deducting from such interest all dividends

theretofore declared." The Manheim Water Company was entitled to the full benefit and protection of this act, and thereunder it had the exclusive right to furnish water in the borough of Manheim: Metzger v. Beaver Falls Boro., 178 Pa. 1; Tyrone Gas & Water Co. v. Tyrone Boro., 195 Pa. 566; Bennett Water Co. v. Millvale Boro., 200 Pa. 613.

"It is well-settled law, that an act of incorporation is a contract between the state and the stockholders:" Com. v. Pottsville Water Co., 94 Pa. 516. "An act of incorporation accepted and acted upon is a contract which a subsequent legislature may not impair:" Iron City Bank v. Pittsburg, 37 Pa. 340. Where the legislature is given the constitutional power to alter, revoke or annul a charter, the charter is still accounted a quasi contract: Wagner Free Institute v. Phila., 132 Pa. 612; and in exercising this power the legislature must act "in such manner that no injustice shall be done to the corporators:" Williamsport Passenger Ry. Co. v. Williamsport, 120 Pa. 1. "Whether injustice has been done in any particular case is inherently and necessarily a judicial question:" Penna. R. R. v. Phila. County, 220 Pa. 100.

The Act of May 31, 1907, P. L. 355, is entitled, "An act providing for the acquiring of water plants or systems by municipalities from corporations . . . . and the manner of ascertaining and arriving at the value of the same. . . ." The first section provides that a municipal subdivision desirous of possessing waterworks owned by a private corporation may petition the court; sec. 2, "That the said court shall thereupon appoint three disinterested engineers as appraisers, to value and appraise such plant or system and the property used in connection therewith and reasonably necessary for its purposes . . . . who shall file their report. . . ." Section 3 provides: "That their report shall be final if not appealed from within ten days. . . . Either party may appeal . . . . and the court shall . . . . have power to increase or

lower such appraisement;" sec. 4; "After such value is finally determined, the municipality is authorized to buy such water plant at the valuation so fixed; and the corporation owning same, shall, within ten days' notice of such determination, file a paper indicating its consent and election to sell and convey its plant at the valuation fixed; and, in default hereof, such corporation shall cease to have any exclusive privilege of supplying such municipality or the citizens thereof with water."

It is clear that the purpose of the act of 1907 is to create a new method by which a municipality may acquire the plant and system of a water company. "The test . . . . by which all laws may be tried is their effect:" Wyoming Street Case, 137 Pa. 494; and the practical effect of this act is to enforce the company's acceptance of the price fixed by the appraisers under penalty of losing its most valuable asset, the exclusive right of furnishing water in a particular territory. Under the act of 1874 "the value is a fixed one, the net cost with interest at ten per centum per annum deducting dividends. The result is one of computation; there is no room for discretion or judgment: . . . ." White v. Meadville, 177 Pa. 643; while under the act of 1907, it is left to the appraisers to determine the value according to their judgment irrespective of the company's charter right to receive the amount fixed in the act of 1874. "The point of injustice is reached long before that of confiscation:" Penna. R. R. Co. v. Phila. County, 220 Pa. 100. When the stockholders of the water company invested their money they did so with the knowledge that should the borough desire to purchase the company's property they would certainly get the price fixed in their act of incorporation; and it is beyond the power of the legislature to take this right from them in such a manner as attempted by the act of 1907, the terms of which have a manifest tendency to work injustice to the corporators.

The decree of the court below is affirmed at the cost of the appellant.