## East Mauch Chunk Borough's Petition.

*Wendell Y. Blanning*, for rule.

*James M. Breslin*, Borough Solicitor, contra.

THOMAS, P. J., Dec. 2, 1929.—On June 28, 1929, the Borough of East Mauch Chunk presented its petition under the General Borough Act (Act of May 4, 1927, P. L. 519), sections 2415 to 2424, setting forth that the Mauch Chunk Water Company is a corporation organized under the laws of the State of Pennsylvania and that the said water company supplies the residents and people of the said borough from the water works or system in the said borough, and praying the court for the appointment of three civil engineers or appraisers to value and appraise the said water works or system of the said water company in the said Borough of East Mauch Chunk in accordance with said

act. Whereupon the court appointed three appraisers in accordance with the prayer thereof.

Notice having been given to said water company of the action of the court, the said water company presented its petition, setting forth that it was created under the Act of Assembly of March 6, 1849, P. L. 110, for the purpose of supplying water to the village of Mauch Chunk, letters-patent having been issued on April 9, 1849, and that its rights and powers were extended to include the supplying of water to the Borough of East Mauch Chunk by the Act of May 1, 1861, P. L. 612. That the said water company had accepted the Constitution and General Corporation Act of 1874 and its several supplements.

That from the date of its incorporation down to and including the present time the said Mauch Chunk Water Company has continued to exercise its corporate powers in the said Borough of Mauch Chunk and, since the extension of its charter in 1861, in the Borough of East Mauch Chunk, and is the owner of property in both of said boroughs and outside of said boroughs used for the purpose of supplying water to each of said boroughs. And that the said water company desires to raise the question of the jurisdiction of the court over the cause of action in said proceedings. The court granted a rule upon the Borough of East Mauch Chunk to show cause why the order made June 28, 1929, should not be rescinded and the petition dismissed and to dispose of such preliminary question as provided by the Act of Assembly of March 5, 1925, P. L. 23. Proceedings thereupon were stayed until final determination of said rule.

An answer was filed to said rule by the said Borough of East Mauch Chunk admitting the incorporation of said water company and the extension of the rights and powers of said company by the said Act of May 1, 1861, P. L. 612. The answer avers that the adoption and approval of said Act of May 1, 1861, P. L. 612, was irregular and unlawful, in that:

(a) It purported and attempted to give to the same corporation the right and privilege of supplying water to more than one municipality of this Commonwealth.

(b) The said Act of May 1, 1861, P. L. 612, attempted to extend the rights and privileges of the Act of March 6, 1849, P. L. 110, into a separate and distinct municipality.

(c) No letters-patent were ever issued by the Governor of this Commonwealth extending the powers of the Act of March 6, 1849, P. L. 110, by the Act of May 1, 1861, P. L. 612.

(d) No letters-patent under the Act of May 1, 1861, P. L. 612, were ever recorded in the office of the Recorder of Deeds of Carbon County, Pa.

(e) The Legislature had no power to extend what purported to be charter rights of said corporation to an additional community.

(f) The said Act of May 1, 1861, P. L. 612, was unconstitutional in attempting to extend the rights and privileges of said corporation over an additional municipal body.

The answer further sets forth:

1. That letters-patent were never issued by the Governor to the water company, as required by section 26, Act of April 29, 1874, P. L. 73. (This was withdrawn by counsel for the borough at the argument.)

2. That the exclusive rights and privileges guaranteed to the Mauch Chunk Water Company were exclusive only against another private corporation and not against the Borough of East Mauch Chunk.

3. That the Borough of East Mauch Chunk, by Act of April 6, 1854, P. L. 287, being a supplement to Act of January 21, 1854 (P. L. 4), incorporating

said borough, was authorized to provide a supply of water for the residents of said borough. That the said act has never been repealed.

4. That the system supplying water to the people of the Borough of East Mauch Chunk is separate, distinct and independent of the system supplying the Borough of Mauch Chunk, and is and can be operated separately.

## Discussion.

The water company contends:

1. That sections 2415 to 2424 of the General Borough Act of May 4, 1927, P. L. 519, are unconstitutional as applied to water companies having exclusive privileges and not desirous of selling.

2. That clause 7, section 34, of the General Corporation Act provides the method by which a municipality may acquire the property of a water company without its consent.

The contention of the petitioners, the Borough of East Mauch Chunk, is fourfold:

1. Letters-patent under the act of incorporation and its supplement, and letters-patent issued after acceptance of the Constitution and General Corporation Act by the company, were not filed in the Office for Recording of Deeds of Carbon County.

2. The General Corporation Act did not confer upon water companies an exclusive right as against boroughs.

3. The Borough of East Mauch Chunk was given the right to construct a municipal plant by the Act of April 6, 1854, P. L. 287.

4. A water company could not be incorporated for more than one municipality, under the General Corporation Act, and, therefore, acceptance of that statute by a water company formed prior thereto does not confer an exclusive right to serve more than one municipality. As the Mauch Chunk Water Company was formed to serve the village of Mauch Chunk and its powers later extended to the Borough of East Mauch Chunk, its exclusive right is limited to the first named municipality.

Section 2419 of the said Act of 1927 is substantially the same as section 4 of the Act of May 31, 1907, P. L. 355:

"After the value is finally determined, the borough is authorized to buy such water works or system at the value so fixed; and the person, firm or corporation owning the same shall, within ten days after notice, file in court its consent to sell and convey its water works or system and property to the borough at the valuation fixed; and, in default thereof, such person, firm or corporation shall cease to have any exclusive privilege of supplying the borough, or the citizens thereof, with water, and the borough may install such water works or system as may be necessary for the accommodation of the public."

The validity of the Act of 1907 has been passed upon by our Supreme Court in Manheim Borough v. Manheim Water Co., 229 Pa. 177. In this case the court holds that section 4 of the Act of 1907 does not apply to water companies having exclusive right to supply water to boroughs; therefore, the principle involved is that of *stare decisis*. In this case the court did not definitely decide that the exclusive right of the company protected it from competition by the borough, but it did state that it was the company's most valuable asset.

The only question in this case, as the court views it, is, "Has the Mauch Chunk Water Company the exclusive right to supply water to the people in the Borough of East Mauch Chunk?"

The Mauch Chunk Water Company, having been incorporated in 1849, and its rights and powers having been extended to the Borough of East Mauch Chunk by the Act of May 1, 1861, P. L. 612, and having accepted the General Corporation Act of 1874, and letters-patent having been issued on Feb. 9, 1886, is entitled to "all of the privileges, immunities, franchises and powers conferred by this act upon corporations to be created under the same:" Section 26, Corporation Act of 1874.

It is provided by clause 7, section 34, of said General Corporation Act as follows:

"It shall be lawful at any time after twenty years from the introduction of water or gas, as the case may be, into any place as aforesaid, for the town, borough, city or district into which the said company shall be located, to become the owners of said works, and the property of said company, by paying therefor the net cost of erecting and maintaining the same, with interest thereon at the rate of ten per centum per annum, deducting from said interest all dividends theretofore declared."

This statute is still in force (Reynoldsville Borough *v.* Reynoldsville Water Co., 247 Pa. 26), and application must be made to the Public Service Commission for approval before any proceedings are instituted in the courts: New Brighton Borough *v.* New Brighton Water Co., 247 Pa. 232; Waynesboro Water Co. *v.* Public Service Commission, 78 Pa. Superior Ct. 143.

The Corporation Act of April 29, 1874, P. L. 73, provides in section 34, clause 3, referring, *inter alia,* to water companies, that "The right to have and enjoy the franchises and privileges of such incorporation within the district or locality covered by its charter shall be an exclusive one; and no other company shall be incorporated for that purpose until the said corporation shall have from its earnings realized and divided among its stockholders, during five years, a dividend equal to eight per centum per annum upon its capital stock."

The Borough of East Mauch Chunk relies on the Act of April 6, 1854, P. L. 287, as giving the borough the right to supply water for the use of its inhabitants, and that the borough having the right, the water company does not have the exclusive right. A perusal of this act shows that it (1) gives the power to the borough to erect its own water works and the manner of raising the necessary funds. (2) Or, if the "burgess and town council shall deem it inexpedient . . . to erect the proper water works . . . for the supply of the inhabitants . . . and the same shall be erected by a company incorporated for that purpose, . . . it shall and may be lawful . . . to levy and collect such tax as they shall think proper and expedient, . . . and the tax so levied and collected shall annually be set apart and invested . . . as an accumulating fund for the purchase by the borough of the rights and property of the water company, by which said works shall be erected, whenever the said borough may, by the terms of the charter of the said company, become the purchaser of said works."

The burgess and town council have never deemed it expedient to erect water works, but did permit the water company, incorporated for that purpose so to do, in accordance with section 3 of said Act of 1854. If this act is applicable to the present controversy, it is incumbent upon the borough to proceed in accordance therewith. It is to purchase the rights and powers of the water company by the terms of the charter of the said company. The terms of the charter of the said company are embodied in clause 7, section 34, of the Corporation Act as above cited, and if the borough desires to acquire said water works, it can do so only in such manner.

The borough's petition praying for the condemnation of the company's water works is conclusive in itself that it has abandoned any right under section 1 or section 2 of the special Act of 1854 and has accepted section 3. The powers given to the borough by the statute to erect its own plant or to provide for the purchase of a private plant, which might later be constructed, were. alternative, and the borough having permitted the construction of the private plant, its powers are exhausted: Pennsylvania Water Co. v. Pittsburg, 226 Pa. 624.

In effect, the water company and the borough have an implied contractual relation, and this precludes the borough from erecting its own water works: Tyrone Gas and Water Co. v. Tyrone Borough, 195 Pa. 566; Gas and Water Co. v. Downington Borough, 175 Pa. 341; Bennett Water Co. v. Millvale Borough, 200 Pa. 613.

Under the facts disclosed by the pleadings, the water company has the exclusive right to the franchises and privileges to supply water to the Borough of East Mauch Chunk.

As to the other questions involved, they are a collateral attack on the charter and rights of the company. The borough in its petition recognized the corporate existence of the water company, its franchises and privileges to supply water to the borough, its territorial unit, and its property which it desired to condemn.

The failure to file letters-patent in the county office does not apply to corporations formed prior to 1874. Corporations accepting the provisions of the Act of 1874 receive, under section 26, letters-patent from the Governor and do not require such letters-patent to be filed in the county office. Even under the General Corporation Act it is the certificate of notification, not the letters-patent, that is required to be filed.

In this proceeding the question of the water company serving more than one territorial unit cannot be raised for the reason already stated, that the borough in its petition admits the rights of the water company and desires "to purchase the said water works or system now being operated in the said Borough of East Mauch Chunk and owned by the Mauch Chunk Water Company for the purpose of supplying and providing water for domestic and other purposes in the said Borough of East Mauch Chunk." However, this question has been passed upon by our Supreme Court in the case of Blauch v. Johnstown Water Co., 247 Pa. 71:

"An answer to this is that the only territory which it is now supplying, and has been supplying for nearly twenty-five years, is the City of Johnstown, and during all of that period the said five boroughs have been embraced within the limits of that municipality. Another answer is that the water company neither lost nor surrendered, in accepting the provisions of the Act of 1874, the franchise or privilege, specially conferred upon it by the Act of 1866, to supply five named boroughs with water. Bly v. White Deer Mountain Water Co., 197 Pa. 80, is, therefore, without application. If the proposition contended for by counsel for appellant be correct, that when the Johnstown Water Company accepted the provisions of the Act of 1874 it was bound to confine its supply of water to one of the five boroughs named in the act incorporating it, it would mean that the company would have been compelled to abandon and sacrifice all of its mains and its supply system in four of the said five boroughs. Such a situation surely was never within the contemplation of the legislature."

When the Mauch Chunk Water Company accepted the Constitution and the General Corporation Act, the restrictions thereby imposed applied to its entire

chartered territory, and the rights, including the exclusive right to serve, applied to the same territory. This exclusive right prevents the incorporation of a competing company, and our Supreme Court having already decided that the exclusive right is a valuable right, which the Legislature cannot take away in the manner provided in the sections of the Borough Code herein invoked, it follows that the order granted June 28, 1929, in this proceeding should be rescinded and the petition dismissed and the rule granted Sept. 13, 1929, should be made absolute.

Now, to wit, Dec. 2, 1929, the rule granted Sept. 13, 1929, is made absolute and the order made on June 28, 1929, is set aside and the petition of the borough dismissed.

From Jacob C. Loose, Mauch Chunk, Pa.